IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RELIASTAR LIFE INSURANCE COMPANY,** § § § | |
| **Plaintiff,** § § | Case No. 17-cv-2818 |
| v. § § | |
| **TRANG VU,** § **P.T., a minor, and D.T., a minor,** § § | |
| **Defendants.** § § | |

## PLAINTIFF'S COMPLAINT IN INTERPLEADER

Plaintiff ReliaStar Life Insurance Company respectfully submits its Complaint in Interpleader against Defendants Trang Vu, P.T. (a minor) and D.T. (a minor) as follows:

### I.      PARTIES, JURISDICTION AND VENUE

1.      Plaintiff ReliaStar Life Insurance Company is a Minnesota insurance company authorized to transact the business of insurance in Texas. ReliaStar is a corporation organized under the laws of Minnesota, and its principal place of business is located in Minneapolis, Minnesota. ReliaStar is a citizen of Minnesota within the meaning and intent of 28 U.S.C. § 1332.

2.      Defendant Trang Vu is an individual citizen domiciled in Harris County, Houston, Texas. Vu may be served with process at his place of residence, located at 10910 Gold Point Dr. #1106, Houston, TX 77064. This defendant is a citizen of Texas within the meaning and intent of 28 U.S.C. § 1332.

3. Defendant P.T. is a minor child domiciled in Harris County, Houston, Texas. Plaintiff requests that the Court appoint a guardian ad litem to accept service of process on P.T.'s behalf. This defendant is a citizen of Texas within the meaning and intent of 28 U.S.C. § 1332.

4. Defendant D.T. is a minor child domiciled in Harris County, Houston, Texas. Plaintiff requests that the Court appoint a guardian ad litem to accept service of process on P.T.'s behalf. This defendant is a citizen of Texas within the meaning and intent of 28 U.S.C. § 1332.

5. This court has jurisdiction over all parties of this lawsuit under 28 U.S.C. § 1332(a)(1) because there is diversity among the parties in that ReliaStar and Defendants are citizens of different states (as alleged above), and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest and costs.

6. Venue is proper in this Court because all of the Defendants reside in the territorial limits of the Southern District of Texas. 28 U.S.C. § 1391.

## II.     CAUSE OF ACTION IN INTERPLEADER

7. ReliaStar is an innocent stakeholder seeking to interplead funds into the Court's Registry to resolve conflicting claims and potential rights to the proceeds of a life insurance policy.

8. ReliaStar is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of Texas.

9. On or about June 18, 2008, Tran Tuyet (the "Insured") applied to ReliaStar for $275,000 of life insurance coverage (the "Application"). In response to the Insured's application, ReliaStar issued Life Insurance Policy No. AD20029262 (the "Policy"). A copy of the Policy and Application is attached as Exhibit 1. The Policy's effective date was August 28, 2008. The

Policy's death benefits ($275,000) are payable to the designated Policy beneficiaries upon the Insured's death and satisfaction of certain conditions set forth in the Policy.

10. The Insured was the Policy's sole owner upon issuance, and as such, she designated the Policy's beneficiaries as follows:

| | |
|---|---|
| Primary Beneficiary | Trang Vu (Husband) |
| Contingent Beneficiary | P.T. (Daughter) |
| Contingent Beneficiary | D.T. (Daughter) |

*See* Original Beneficiary Designation, Exhibit 1.

11. On or about August 7, 2012, the Insured transferred the Policy to her husband, Defendant Trang Vu. *See* Transfer of Ownership form (attached as Exhibit 2).

12. The Policy lapsed for non-payment of required premiums in 2014. Vu submitted an application for reinstatement of the Policy to ReliaStar on or about July 10, 2014. ReliaStar approved the reinstatement application, and the Policy was reinstated as of August 22, 2014. *See* Reinstatement Notice (attached as Exhibit 3).

13. The Insured died on or about July 21, 2015. As reflected on her death certificate, the Insured's death was caused by "blunt force head trauma." *See* Death Certificate (attached as Exhibit 4).

14. Vu submitted a claim for the entirety of the Policy's death benefits to ReliaStar on or about October 22, 2015 (attached as Exhibit 5).

15. Because the Insured's death occurred within two years of the Policy's reinstatement, ReliaStar undertook a standard claims investigation. ReliaStar discovered that Vu was a suspect in the Insured's murder. ReliaStar has maintained ongoing communications with

law enforcement officials handling the murder investigation, who have continually informed ReliaStar that Vu remains a suspect.

16. The Texas Insurance Code provides that "[a] beneficiary of a life insurance policy or contract forfeits the beneficiary's interest in the policy or contract if the beneficiary is a principal or an accomplice in willfully bringing about the death of the insured." TEX. INS. CODE § 1103.151. If a beneficiary forfeits his interest in a life insurance policy pursuant to Section 1103.151, the policy's death benefits are payable to (a) contingent beneficiaries, if any, or (b) "the nearest relative of the insured." TEX. INS. CODE § 1103.152. In addition, Texas follows the "slayer rule," which provides that a person complicit in the death of an insured may not benefit from a life insurance policy insuring the decedent's life. Specifically, the Texas Estates Code bars a beneficiary of a life insurance policy "who is convicted and sentenced as a principal or accomplice in willfully bringing the death of the insured" from recovering the policy proceeds. TEX. ESTATES CODE § 201.058.

17. By operation of law, these provisions of the Texas Insurance and Estates Codes have created competing and conflicting claims to the Policy's death benefits.

18. For the reasons set forth above, ReliaStar is in the position of an innocent stakeholder.  It does not dispute that the Policy's death benefits are payable, but it is unable to determine whether Defendant Vu is entitled to the death benefits or whether payment to him of the death benefits will violate Texas law and subject the company to multiple claims from the Policy's alternative beneficiaries or the Insured's heirs.  ReliaStar neither has, nor claims, any interest in the death benefits, which ReliaStar at all times has been willing to deliver to the person or persons entitled to possession.

19. ReliaStar has in no way colluded with any of the parties named herein concerning the matters of this cause. ReliaStar has not been, nor will it be, indemnified in any manner by any other party. ReliaStar has filed this action of its own free will to avoid multiple liability, violation of Texas law, and unnecessary suits and costs.

20. ReliaStar unconditionally offers to, and is ready to deposit with the Court, the entire amount of the Policy's death benefit.

21. ReliaStar has not unreasonably delayed the filing of this request for interpleader.

22. ReliaStar further alleges that it is entitled to recover reasonable attorneys' fees and costs as a result of these proceedings. ReliaStar is an innocent, disinterested stakeholder which has brought this counterclaim in good faith, and has reasonable doubts as to the party or parties entitled to the proceeds of the Policy.

23. ReliaStar is entitled to interpleader relief pursuant to FED. R. CIV. P. 22.

### III.   CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, on the basis of the foregoing, Plaintiff respectfully request judgment against Defendants as follows:

(a) an order interpleading all claims to the Policy's death benefit, which ReliaStar has unconditionally tendered to the Court;

(b) injunctive relief restraining Defendants from instituting or maintaining any additional actions against ReliaStar for recovery of the Policy's death benefit;

(c) an order awarding ReliaStar its expenses, costs, and attorney's fees incurred in connection with this action;

(d) and such other and further relief to which ReliaStar may be justly entitled.

Date: September 20, 2017

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON LLP

By: _____
    David T. McDowell
    State Bar No. 24007359
    Jason A. Richardson
    State Bar No. 24056206
1001 Fannin, Suite 2700
Houston, Texas 77002
Telephone:  713-337-5580
Facsimile:   713-337-8850
david.mcdowell@emhllp.com
jason.richardson@emhllp.com
**ATTORNEYS FOR PLAINTIFF RELIASTAR LIFE INSURANCE COMPANY**