# EXHIBIT B-1

NOTICE:  THIS DOCUMENT
CONTAINS SENSITIVE DATA

NO. _____

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| TUYET TRAN | § | |
| AND | § | \_\_\_\_TH JUDICIAL DISTRICT |
| TRANG VU | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| P.T. AND D.T., CHILDREN | § | HARRIS COUNTY, TEXAS |

## ORIGINAL PETITION FOR DIVORCE

1. *Discovery Level*

   Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2. *Objection to Assignment of Case to Associate Judge*

   Petitioner objects to the assignment of this matter to an associate judge for a trial on the merits or presiding at a jury trial.

3. *Parties*

   This suit is brought by TUYET TRAN, Petitioner.  The last three numbers of TUYET TRAN's driver's license number are XXX.  The last three numbers of TUYET TRAN's Social Security number are XXX-XX-X583.

   TRANG VU is Respondent.

4. *Domicile*

   Petitioner has been a domiciliary of Texas for the preceding six-month period and a resident of this county for the preceding ninety-day period.

5. *Service*

   Process should be served on Respondent at 9226 Sandstone St., Houston, Texas 77036 or whereever he may be found.

6. *Protective Order Statement*

   A First Amended Original Petition for Protection fo a Child for Conservatorship, and for

Termination in suit Affecting the Parent-Child Relationship and Order Setting Hearing is pending by the 314th Judicial District Court in Cause No. 201503795J.

7.   *Waiver of Waiting Period*

Petitioner requests that this Court grant a divorce prior to the sixtieth day after the date of filing of this Original Petition for Divorce based on a finding that Petitioner has a pending case with the above-referenced cause number, if the Court finds family violence, against Respondent because of family violence committed during the marriage.

8.   *Dates of Marriage and Separation*

The parties were married on or about August 20, 2001 and ceased to live together as husband and wife on or about May 2015.

9.   *Grounds for Divorce*

The marriage has become insupportable because of discord or conflict of personalities between Petitioner and Respondent that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation.

Respondent is guilty of cruel treatment toward Petitioner of a nature that renders further living together insupportable.

10.   *Children of the Marriage*

Petitioner and Respondent are parents of the following children of this marriage who are under the continuing jurisdiction in the case no. 201503795J of the 314th Judicial District Court of Harris County, Texas:

Name:

Sex:  Female

Birth date:

Name:

Sex:  Male

Birth date:

There are no court-ordered conservatorships, court-ordered guardianships, or other court-ordered relationships affecting the children the subject of this suit.

Information required by section 154.181(b) of the Texas Family Code will be provided at a later date or upon request.

No property of consequence is owned or possessed by the children the subject of this suit.

The appointment of Petitioner and Respondent as joint managing conservators would not be in the best interest of the children. Petitioner, on final hearing, should be appointed sole managing conservator, with all the rights and duties of a parent sole managing conservator, and Respondent should be ordered to make payments for the support of the children and to provide medical child support in the manner specified by the Court. Petitioner requests that the payments for the support of the children survive the death of Respondent and become the obligation of Respondent's estate.

Respondent has a history or pattern of committing family violence during the two-year period preceding the date of filing of this suit. Petitioner requests the Court to deny Respondent access to the children. Alternatively, if the Court finds that awarding Respondent access to the children would not endanger the children's physical health or emotional welfare and would be in the best interest of the children, Petitioner requests that the Court render a possession order that is designed to protect the safety and well-being of the children and any other person who has been a victim of family violence committed by Respondent, including but not limited to ordering that the periods of access be continuously supervised by an entity or person chosen by the Court, ordering that the exchange of possession of the children occur in a protective setting, ordering Respondent to refrain from the consumption of alcohol or a controlled substance within the twelve hours before or during the period of access to the children, and ordering Respondent to attend and complete a battering intervention and prevention program or, if such a program is not available, to complete a course of treatment with a mental health professional in accordance with section 153.010 of the Texas Family Code.

Respondent has a history or pattern of physical abuse directed against Pearl Tran and Diamond Tran. A protective order has not been rendered under chapter 85 of title 4 of the Texas Family Code against Respondent during the two-year period preceding the date of filing of this suit. Petitioner requests the Court to deny Respondent access to the children while the case is pending. Alternatively, Petitioner requests that the Court render a possession order that provides that Respondent's periods of visitation be continuously supervised by an entity or person chosen by the Court.

11.   *Division of Community Property*

Petitioner believes Petitioner and Respondent will enter into an agreement for the division of their estate. If such an agreement is made, Petitioner requests the Court to approve

the agreement and divide their estate in a manner consistent with the agreement. If such an agreement is not made, Petitioner requests the Court to divide their estate in a manner that the Court deems just and right, as provided by law.

*12.      Postdivorce Maintenance*

Petitioner requests the Court to order that Petitioner be paid postdivorce maintenance for a reasonable period in accordance with chapter 8 of the Texas Family Code.

*13.      Request for Temporary Orders and Injunction*

Petitioner requests the Court, after notice and hearing, to dispense with the issuance of a bond, to make temporary orders and issue any appropriate temporary injunctions for the preservation of the property and protection of the parties and for the safety and welfare of the children of the marriage as deemed necessary and equitable. Petitioner requests that the Court enjoin Respondent from the following:

1.      Communicating with Petitioner in person, by telephone, or in writing in vulgar, profane, obscene, or indecent language or in a coarse or offensive manner.

2.      Threatening Petitioner in person, by telephone, or in writing to take unlawful action against any person.

3.      Placing one or more telephone calls, anonymously, at any unreasonable hour, in an offensive and repetitious manner, or without a legitimate purpose of communication.

4.      Causing bodily injury to Petitioner or to a child of either party.

5.      Threatening Petitioner or a child of either party with imminent bodily injury.

6.      Destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the property of one or both of the parties.

7.      Falsifying any writing or record relating to the property of either party.

8.      Misrepresenting or refusing to disclose to Petitioner or to the Court, on proper request, the existence, amount, or location of any property of one or both of the parties.

9.      Damaging or destroying the tangible property of one or both of the parties, including any document that represents or embodies anything of value.

10.      Tampering with the tangible property of one or both of the parties, including any document that represents or embodies anything of value, and causing pecuniary loss to Petitioner.

11.      Selling, transferring, assigning, mortgaging, encumbering, or in any other manner

alienating any of the property of Petitioner or Respondent, whether personalty or realty, and whether separate or community, except as specifically authorized by order of this Court.

12. Incurring any indebtedness, other than legal expenses in connection with this suit, except as specifically authorized by order of this Court.

13. Making withdrawals from any checking or savings account in any financial institution for any purpose, except as specifically authorized by order of this Court.

14. Spending any sum of cash in Respondent's possession or subject to Respondent's control for any purpose, except as specifically authorized by order of this Court.

15. Withdrawing or borrowing in any manner for any purpose from any retirement, profit-sharing, pension, death, or other employee benefit plan or employee savings plan or from any individual retirement account or Keogh account, except as specifically authorized by order of this Court.

16. Entering any safe-deposit box in the name of or subject to the control of Petitioner or Respondent, whether individually or jointly with others.

17. Withdrawing or borrowing in any manner all or any part of the cash surrender value of life insurance policies on the life of Petitioner or Respondent, except as specifically authorized by order of this Court.

18. Changing or in any manner altering the beneficiary designation on any life insurance on the life of Petitioner or Respondent or the parties' children.

19. Canceling, altering, failing to renew or pay premiums, or in any manner affecting the present level of coverage of any life, casualty, automobile, or health insurance policies insuring the parties' property or persons including the parties' children.

20. Opening or diverting mail addressed to Petitioner.

21. Signing or endorsing Petitioner's name on any negotiable instrument, check, or draft, such as tax refunds, insurance payments, and dividends, or attempting to negotiate any negotiable instrument payable to Petitioner without the personal signature of Petitioner.

22. Taking any action to terminate or limit credit or charge cards in the name of Petitioner.

23. Discontinuing or reducing the withholding for federal income taxes on Respondent's wages or salary while this case is pending.

24. Destroying, disposing of, or altering any financial records of the parties, including

but not limited to records from financial institutions (including canceled checks and deposit slips), all records of credit purchases or cash advances, tax returns, and financial statements.

25. Destroying, disposing of, or altering any e-mail or other electronic data relevant to the subject matters of this case, whether stored on a hard drive or on a diskette or other electronic storage device.

26. Terminating or in any manner affecting the service of water, electricity, gas, telephone, cable television, or other contractual services, such as security, pest control, landscaping, or yard maintenance, at 9226 Sandstone St., Houston, TX 77036 or whereever Petitioner is living or in any manner attempting to withdraw any deposits for service in connection with those services.

27. Excluding Petitioner from the use and enjoyment of the residence located at 9226 Sandstone St., Houston, TX 77036 or whereever Petitioner is living.

28. Entering, operating, or exercising control over the car in the possession of Petitioner.

29. Disturbing the peace of the children or of another party.

30. Withdrawing the children from enrollment in the school or day-care facility where the children are presently enrolled.

31. Hiding or secreting the children from Petitioner.

32. Making disparaging remarks regarding Petitioner or Petitioner's family in the presence or within the hearing of the children.

33. Consuming alcohol within the 24 hours before or during the period of possession of or access to the children.

34. Permitting an unrelated adult with whom Respondent has an intimate or dating relationship to remain in the same residence with the children between the hours of 8:00 pm P.M. and 11a.m A.M.

Petitioner requests that Respondent be authorized only as follows:

To make expenditures and incur indebtedness for reasonable and necessary living expenses for food, clothing, shelter, transportation, and medical care.

To engage in acts reasonable and necessary to conduct Respondent's usual business and occupation.

14. *Request for Temporary Orders Regarding Children*

Petitioner requests the Court, after notice and hearing, to dispense with the necessity of a bond and to make temporary orders and issue any appropriate temporary injunctions for the safety and welfare of the children of the marriage as deemed necessary and equitable, including but not limited to the following:

Appointing Petitioner temporary sole managing conservator.

Ordering Respondent to pay child support, health insurance premiums for coverage on the children, and an equitable portion of the children's uninsured medical expenses while this case is pending.

Denying Respondent access to the children or, alternatively, rendering a possession order in accordance with section 153.004(d-1)(2) of the Texas Family Code or providing that Respondent's periods of visitation be continuously supervised.

Ordering the parties to attend a parent education and family stabilization course.

Appointing a parenting facilitator. There is good cause for appointment of a parenting facilitator, and the appointment would be in the best interest of the children.

Ordering Respondent to produce copies of income tax returns for tax years 2013 and 2014, a financial statement, and current pay stubs by a date certain.

15. *Request for Interim Attorney's Fees and Temporary Support*

Petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders and issue any appropriate temporary injunctions regarding attorney's fees and support as deemed necessary and equitable, including but not limited to the following:

Petitioner requests that Respondent be ordered to pay reasonable interim attorney's fees and expenses, including but not limited to fees for appraisals, accountants, actuaries, and so forth. Petitioner is not in control of sufficient community assets to pay attorney's fees and anticipated expenses.

Petitioner has insufficient income for support, and Petitioner requests the Court to order Respondent to make payments for the support of Petitioner until a final decree is signed.

16. *Request for Temporary Orders for Discovery and Ancillary Relief*

Petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders for discovery and ancillary relief as

deemed necessary and equitable, including but not limited to the following:

Ordering Respondent to produce copies of all the information necessary to prepare Petitioner's tax returns for tax years 2013 and 2014, including tax returns and all supporting schedules for tax years 2013 and 2014, by a date certain.

17.     *Attorney's Fees, Expenses, Costs, and Interest*

It was necessary for Petitioner to secure the services of Natalie Nguyen of The Tammy Tran Law Firm, Attorneys at Law, LLP, a licensed attorney, to prepare and prosecute this suit. To effect an equitable division of the estate of the parties and as a part of the division, and for services rendered in connection with conservatorship and support of the children, judgment for attorney's fees, expenses, and costs through trial and appeal should be granted against Respondent and in favor of Petitioner for the use and benefit of Petitioner's attorney and be ordered paid directly to Petitioner's attorney, who may enforce the judgment in the attorney's own name.  Petitioner requests postjudgment interest as allowed by law.

18.     *Prayer*

Petitioner prays that citation and notice issue as required by law and that the Court grant a divorce and all other relief requested in this petition.

Petitioner prays that the Court, after notice and hearing, grant a temporary injunction enjoining Respondent, in conformity with the allegations of this petition, from the acts set forth above while this case is pending.

Petitioner prays for attorney's fees, expenses, and costs as requested above.

Petitioner prays for general relief.

> Respectfully submitted,
>
> **THE TAMMY TRAN LAW FIRM**
> **ATTORNEYS AT LAW, LLP**
> By: /s/ Natalie M. Nguyen
>     **NATALIE NGUYEN**
>     State Bar No: 24064391
>     nnguyen@tt-lawfirm.com
>     **JOHN NA**
>     State Bar No: 24074786
>     jna@tt-lawfirm.com
>     2915 Fannin Street
>     Houston, Texas 77002
>     Telephone: 713/655-0737
>     Telecopier: 713/655-0823