# EXHIBIT B-3

NOTICE:  THIS DOCUMENT
CONTAINS SENSITIVE DATA

NO. _____

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| TUYET TRAN | § | |
| AND | § | \_\_\_\_\_TH JUDICIAL DISTRICT |
| TRANG VU | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| P.T. AND D.T., CHILDREN | § | HARRIS COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER AND
## ORDER SETTING HEARING FOR TEMPORARY ORDERS

The application of Petitioner, TUYET TRAN, for temporary restraining order was presented to the Court today.  Respondent is TRANG VU.

The children the subject of this suit are P.T. and D.T..

The Court examined the pleadings of Petitioner and finds that Petitioner is entitled to a joint and mutual temporary restraining order.

IT IS THEREFORE ORDERED that the clerk of this Court issue a joint and mutual temporary restraining order restraining Petitioner and Respondent, and Petitioner and Respondent are immediately restrained, from:

1. Communicating with the other party in person, by telephone, or in writing in vulgar, profane, obscene, or indecent language or in a coarse or offensive manner.

2. Threatening the other party in person, by telephone, or in writing to take unlawful action against any person.

3. Placing one or more telephone calls, anonymously, at any unreasonable hour, in an offensive and repetitious manner, or without a legitimate purpose of communication.

4. Causing bodily injury to the other party or to a child of either party.

5. Threatening the other party or a child of either party with imminent bodily injury.

6. Destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the property of one or both of the parties.

7. Falsifying any writing or record relating to the property of either party.

8. Misrepresenting or refusing to disclose to the other party or to the Court, on proper request, the existence, amount, or location of any property of one or both of the parties.

9. Damaging or destroying the tangible property of one or both of the parties, including any document that represents or embodies anything of value.

10. Tampering with the tangible property of one or both of the parties, including any document that represents or embodies anything of value, and causing pecuniary loss to the other party.

11. Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of Petitioner or Respondent, whether personalty or realty, and whether separate or community, except as specifically authorized by this order.

12. Incurring any indebtedness, other than legal expenses in connection with this suit, except as specifically authorized by this order.

13. Making withdrawals from any checking or savings account in any financial institution for any purpose, except as specifically authorized by this order.

14. Spending any sum of cash in each party's possession or subject to each party's control for any purpose, except as specifically authorized by this order.

15. Withdrawing or borrowing in any manner for any purpose from any retirement, profit-sharing, pension, death, or other employee benefit plan or employee savings plan or from any individual retirement account or Keogh account, except as specifically authorized by this order.

16. Entering any safe-deposit box in the name of or subject to the control of Petitioner or Respondent, whether individually or jointly with others.

17. Withdrawing or borrowing in any manner all or any part of the cash surrender value of life insurance policies on the life of Petitioner or Respondent, except as specifically authorized by this order.

18. Changing or in any manner altering the beneficiary designation on any life insurance on the life of Petitioner or Respondent or the parties' children.

19. Canceling, altering, failing to renew or pay premiums, or in any manner affecting the present level of coverage of any life, casualty, automobile, or health insurance policies insuring the parties' property or persons, including the parties' children.

20. Opening or diverting mail addressed to the other party.

21. Signing or endorsing the other party's name on any negotiable instrument, check, or draft, such as tax refunds, insurance payments, and dividends, or attempting to negotiate any negotiable instrument payable to the other party without the personal signature of the other party.

22. Taking any action to terminate or limit credit or charge cards in the name of the other party.

23. Discontinuing or reducing the withholding for federal income taxes on each party's wages or salary while this case is pending.

24. Destroying, disposing of, or altering any financial records of the parties, including but not limited to records from financial institutions (including canceled checks and deposit slips), all records of credit purchases or cash advances, tax returns, and financial statements.

25. Destroying, disposing of, or altering any e-mail or other electronic data relevant to the subject matters of this case, whether stored on a hard drive or on a diskette or other electronic storage device.

26. Terminating or in any manner affecting the service of water, electricity, gas, telephone, cable television, or other contractual services, such as security, pest control, landscaping, or yard maintenance, at 9226 Sandstone St., Houston, TX 77036 or whereever Petitioner is living or in any manner attempting to withdraw any deposits for service in connection with those services.

27. Excluding Petitioner from the use and enjoyment of the residence located at 9226 Sandstone St., Houston, TX 77036 or where ever Petitioner is living.

28. Entering, operating, or exercising control over the car in the possession of Petitioner.

29. Disturbing the peace of the children or of another party.

30. Withdrawing the children from enrollment in the school or day-care facility where the children are presently enrolled.

31. Hiding or secreting the children from the other party.

32. Making disparaging remarks regarding the other party or the other party's family in the presence or within the hearing of the children.

33. Consuming alcohol within the 24 hours before or during the period of possession of or access to the children.

34. Permitting an unrelated adult with whom either party has an intimate or dating relationship to remain in the same residence with the children between the hours of 8:00 pm P.M. and 11a.m A.M.

IT IS FURTHER ORDERED that each party is authorized only as follows:

To make expenditures and incur indebtedness for reasonable and necessary living expenses for food, clothing, shelter, transportation, and medical care.

To engage in acts reasonable and necessary to conduct each party's usual business and occupation.

This joint and mutual restraining order is effective immediately and shall continue in force and effect until further order of this Court or until it expires by operation of law. This order shall be binding on Petitioner and Respondent; on Petitioner's and Respondent's agents, servants, and employees; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise. The requirement of a bond is waived.

IT IS FURTHER ORDERED that the clerk shall issue notice to Respondent, TRANG VU, to appear, and Respondent is ORDERED to appear in person, and Respondent is to furnish information sufficient to accurately identify Respondent's net resources and ability to pay child support and to bring with him tax returns for the past two years, a financial information statement substantially in the form and detail prescribed by the *Texas Family Law Practice Manual* (3d ed.), form 4-2, and pay stubs for the past three months. IT IS ORDERED that Respondent shall appear with those documents before this Court in the courthouse at [*_____*], Texas, on _____ at _____ _____. M. The purpose of the hearing is to determine whether, while this case is pending:

1. The preceding temporary restraining order should be made a temporary injunction pending final hearing.

2. Petitioner should be appointed temporary sole managing conservator.

3. Respondent should be ordered to pay child support, health insurance premiums for coverage on the children, and an equitable portion of the children's uninsured medical expenses while this case is pending.

4. Respondent should be denied access to the children or, alternatively, the Court should render a possession order in accordance with section 153.004(d-1)(2) of the Texas Family

4

Code or providing that Respondent's periods of visitation be continuously supervised.

5.  The Court should order the parties to attend a parent education and family stabilization course.

6.  The Court should appoint a parenting facilitator.

7.  The Court should order Respondent to pay support to Petitioner until a final decree is signed.

8.  The Court should order Respondent to produce copies of income tax returns for tax years 2013 and 2014, a financial statement, and current pay stubs by a date certain.

9.  The Court should order Respondent to pay reasonable interim attorney's fees and expenses.

10. The Court should order Respondent to produce copies of all the tax information necessary to prepare Petitioner's tax returns for tax years 2013 and 2014, including tax returns and all supporting schedules for years 2013 and 2014, by a date certain.

11. The Court should make all other and further orders respecting the property and the parties that are pleaded for or that are deemed necessary and equitable and for the safety and welfare of the children.

IT IS FURTHER ORDERED that any authorized person eighteen years of age or older who is not a party to or interested in the outcome of this case may serve any citation, notice, or process in this case.

SIGNED on _____ at _____ _____.M.

 

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

**THE TAMMY TRAN LAW FIRM**
**ATTORNEYS AT LAW, LLP**

By:/s/*Natalie M. Nguyen*
   Natalie Nguyen, Attorney for Petitioner
   State Bar No. 24064391
   2915 Fannin Street
   Houston, Texas 77002
   Telephone: 713/655-0737 \ Telecopier: 713/655-0823
   nnguyen@tt-lawfirm.com