# EXHIBIT V

ORIGINAL

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

FILED
Chris Daniel
District Clerk
JUL 07 2016
Time: _____
Harris County, Texas
By _____ Deputy

KAMMA MANGRAM 176-7
DEEDRA POWELL 176-7

CAUSE NO. 2015-03795J

IN THE INTEREST OF



CHILDREN

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

314TH JUDICIAL JUVENILE DISTRICT

## FINAL DECREE FOR TERMINATION

On **June 23, 2016**, came on to be heard before this Court Petitioner's *Suit To Terminate The Parent-Child Relationship.*

1. **Appearances**

    1.1. The Department of Family and Protective Services ("the Department") appeared through **KAMMA MANGRAM**, caseworker, and by attorney, **DAN-PHI V. NGUYEN**, and announced ready.

    1.2. Respondent **Father, TRANG VU**, SSN ▓▓▓▓ appeared in person and through Attorney of Record, **SHANDON PHAN**, and announced ready.

    1.3. Also appearing was **MICHAEL FRANCIS CRAIG**, appointed by the Court as Attorney Ad Litem for the children the subject of this suit.

    1.4. The Court finds that **TUYET TRAN**, the Mother of the children, P▓▓▓ T▓▓▓ AND D▓▓▓▓▓ T▓▓▓, is deceased.

2. **Findings**

    2.1. The Court, having examined the record and heard the evidence and argument of counsel, finds that this Court has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case.

    2.2. The Court, having examined the record and heard the evidence and argument of counsel, finds that the State of Texas has jurisdiction of this case pursuant to Subchapter C, Chapter 152, Texas Family Code, by virtue of the fact that Texas is the home state of the children.

    2.3. All persons entitled to citation were properly cited or filed a duly executed waiver of citation herein.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

2015-03795J / 314th
July 6, 2016 (ginad)

Final Decree For Termination
Page 1

"ATTENTION: You are reading a REDACTED copy of the record. Do not share with anyone not entitled under confidential laws."

2.4. The court finds that order sufficiently defines the rights and duties of the parents of the children

3. **Jury**

A jury was waived, and all questions of fact and of law were submitted to the Court.

4. **Record**

The record of testimony was duly reported by **JULIA RANGEL**.

5. **The Children**

The Court finds that the following children are the subject of this suit:

5.1. Name: P█████ T█  
Sex: FEMALE  
Birth Date: ████████  
Social Security Number: ████████  
Present Residence: **OWN HOME**

5.2. Name: D█████ T█  
Sex: MALE  
Birth Date: ████████  
Social Security Number: ████████  
Present Residence: **OWN HOME**

6. **Findings as to the Mother: TUYET TRAN:**

The Court finds that the Mother, TUYET TRAN, of the children, D█████ T█ AND P████ T██., is DECEASED.

6. **Establishment of Paternity: TRANG VU**

IT IS ORDERED AND DECREED that TRANG VU is, and he is hereby declared to be, the father of the children, D████ T███ AND P████ T████, born to the mother, TUYET TRAN, and that the parent-child relationship between said father and said children is established for all purposes.

7. **Termination of Respondent Father TRANG VU'S Parental Rights**

7.1. The Court finds by clear and convincing evidence that termination of the parent-child relationship between TRANG VU and the children, P████ T█ AND D█████ T██, is in the children's best interest.

7.2. Further, the Court finds by clear and convincing evidence that TRANG VU has:

7.2.1. executed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Chapter 161, Texas Family Code;

7.3. **IT IS THEREFORE ORDERED AND DECREED** that the parent-child relationship between **TRANG VU** and the children, P▮▮▮▮ T▮▮▮ **AND** D▮▮▮▮▮▮ T▮▮▮, is finally and forever terminated.

8. **Managing Conservatorship of the Children**

   8.1. The Court finds that (1) appointment of a parent or both parents as managing conservator would not be in the best interest of the children, P▮▮▮▮ T▮▮▮ AND D▮▮▮▮▮▮ T▮▮▮, because the appointment would significantly impair the children's physical health or emotional development; and (2) it would not be in the best interest of the children to appoint a relative of the children or another person as managing conservator.

   8.2. **IT IS THEREFORE ORDERED AND DECREED** that the **DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** is appointed Sole Managing Conservator of the children, P▮▮▮▮ T▮▮▮ AND D▮▮▮▮▮▮ T▮▮▮, with the rights and duties specified in § 153.371, Texas Family Code and the Court finds this appointment to be in the best interest of the children.

   8.3. In addition to these rights and duties listed in § 153.371, Texas Family Code, **IT IS ORDERED** that the Department is authorized to consent to the medical care for the children, P▮▮▮▮ T▮▮▮ AND D▮▮▮▮▮▮ T▮▮▮ under § 266.004, Texas Family Code.

   8.4. **IT IS FURTHER ORDERED AND DECREED** that the **DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** shall, each twelve months after the date of this order, file with the Court a report of facts concerning the children's welfare, including the children's whereabouts and physical condition, as required by § 153.375, Texas Family Code.

9. **Rights and Duties of the Non-Parent Sole Managing Conservator:**

   **IT IS ORDERED AND DECREED** that the Sole Managing Conservator shall have the following rights and duties subject only to any rights granted herein to any Possessory Conservator as pursuant to Texas Family Code.

   9.1. The right to have physical possession and to direct the moral and religious training of the children;

   9.2. The duty of care, control, protection, and reasonable discipline of the children;

   9.3. The duty to provide the children with clothing, food, shelter, education, and medical, psychological, and dental care;

9.4. The right to consent for the children to medical, psychiatric, psychological, dental, and surgical treatment and to have access to the children's medical records;

9.5. The right to receive and give receipt for payments for the support of the children and to hold or disburse funds for the benefit of the children;

9.6. The right to the services and earnings of the children;

9.7. The right to consent to marriage and to enlistment in the armed forces of the United States;

9.8. The right to represent the children in legal action and to make other decisions of substantial legal significance concerning the children;

9.9. Except when a guardian of the children's estate or a guardian or attorney ad litem has been appointed for the children, the right to act as an agent of the children in relation to the children's estate if the children's action is required by a state, the United States, or a foreign government;

9.10. The right to designate the primary residence of the children and to make decisions regarding the children's education; and

9.11. If the parent-child relationship has been terminated with respect to the parents, or only living parent, or if there is no living parent, the right to consent to the adoption of the children and to make any other decision concerning the child that a parent could make.

9.12. The right to receive information from any other conservator of the children concerning the health, education, and welfare of the children.

9.13. The right to consult with school officials concerning the children's welfare and educational status and to attend school activities.

9.14. The right to be designated on the children's records as a person to be notified in case of an emergency.

10. **Interstate Compact**

The Court finds that the Petitioner has filed a verified allegation or statement regarding compliance with the Interstate Compact on the Placement of Children as required by § 162.002(b)(1) of the Texas Family Code.

11. **Continuation of Court-Ordered Ad Litem or Advocate**

11.1. The Court finds that the children the subject of this suit will continue in care, and this Court will continue to review the placement, progress and welfare of the children.

"ATTENTION: You are reading a REDACTED copy of the record. Do not share with anyone not entitled under confidential laws."

11.2. **IT IS THEREFORE ORDERED AND DECREED** that **MICHAEL FRANCIS CRAIG**, earlier appointed as Attorney Ad Litem to represent the children, is continued in this relationship for the purposes of representing the child at the Review Placement Hearings that may be held after the final disposition of this suit as authorized by §107.016, Texas Family Code.

12. **Expiration of Ad Litems and Other Appointments**

    **IT IS ORDERED AND DECREED** that each Attorney Ad Litem and Attorney/Guardian Ad Litem and any other appointments not specifically retained above in this decree that have been made by this Court in this case do not conclude with the signing of this final judgment. These appointments continue until this case is final. This case is not final until this Court's plenary jurisdiction from this final judgment expires, and all appeals, if any, have concluded. In other words, even though this judgment is final, the attorneys appointed in this case have a continuing legal and ethical obligation to represent their client's interests in this case to final disposition, which could include the provision of legal services in connection with post-judgment motions or an appeal. Notwithstanding the legal representation provided after this final judgment is signed, the attorneys appointed in this case are not appointed to provide legal representation for Placement Review Hearings held pursuant to Chapter 263 of the Family Code, and shall not do so pursuant to their appointments by this Court.

13. **Dismissal of Other Court-Ordered Relationship**

    Except as otherwise provided in this order, any other existing court-ordered relationships with the children the subject of this suit are hereby terminated and any parties claiming a court-ordered relationship with the children are **DISMISSED** from this suit.

14. **Discharge from Discovery Retention Requirement**

    **IT IS ORDERED AND DECREED** that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

15. **Next Placement Review Hearing**

    Pursuant to § 263.501, Texas Family Code, the Court determines that the date that the next placement review hearing is set on **September 13, 2016, at 9:00 AM** in the **314th** Judicial District Court of Harris County in Houston, Texas.

16. **Denial of Other Relief**

    **IT IS ORDERED AND DECREED** that all relief requested in this case and not expressly granted is denied.

17. **WARNING: APPEAL OF FINAL ORDER, PURSUANT TO §§ 263.405, TEXAS FAMILY CODE:**

    A PARTY AFFECTED BY THIS ORDER HAS THE RIGHT TO APPEAL. AN APPEAL IN A SUIT IN WHICH TERMINATION OF THE PARENT-CHILD RELATIONSHIP IS SOUGHT IS GOVEREND BY THE PROCEDURES FOR ACCELERATED APPEALS IN CIVIL CASES UNDER THE TEXAS RULES OF APPELLATE PROCEDURE. FAILURE TO FOLLOW THE TEXAS RULES OF APPELLATE PROCEDURE FOR ACCELERATED APPEALS MAY RESULT IN THE DISMISSAL OF THE APPEAL.

18. **NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS:**

    YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS 10,000.

JUL 25 2016

SIGNED this _____ day of _____, 2016.

_____
JUDGE PRESIDING

Final Decree For Termination
Page 6

2015-03795J / 314th
July 6, 2016 (ginad)

"ATTENTION: You are reading a REDACTED copy of the record. Do not share with anyone not entitled under confidential laws."

APPROVED AS TO FORM:

*[signature]*

Dan-Phi V. Nguyen
Attorney for Petitioner
Department of Family and Protective Services
1019 Congress, 15th Floor
Houston, TX 77002-1700
State Bar # 24068268
*email:* danphi.nguyen@cao.hctx.net
*phone:* 713-274-5220
*fax:* 713-437-4700

*[signature]*

Michael Francis Craig
Attorney Ad Litem for the Children
1533 W. Alabama St., Ste. 100
Houston, TX 77006
State Bar # 24038842
*phone:* 713-526-2226
*fax:* 713-526-3787

*[signature]*

Shandon Phan
Attorney for the Father, Trang Vu
11205 Bellaire Blvd., Ste B-31
Houston, TX 77072
State Bar # 24086794
*phone:* 281 407-5622
*fax:* 281 407-5623



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this  December 29, 2017

Certified Document Number:        71292981 Total Pages: 7

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com